**LANIER, et al v. UPTHEGROVE.**

No. 59 C 1636.

Circuit Court, Palm Beach County.

May 26, 1960.

E. B. Donnell, West Palm Beach, for plaintiffs.

Alvin B. Zalla and Clyde T. Windham, both of West Palm Beach, for defendant.

JAMES R. KNOTT, Circuit Judge.

This cause is before the court on the motions of both plaintiffs and defendant for summary final decree.

On the issues made by the pleadings plaintiffs support their motion by the affidavit of plaintiff John Lanier. The defendant supports his motion by affidavit of James M. Fred, secretary-treasurer of the Palm Beach County Democratic Executive Committee. No other proof is offered by the parties on their respective motions.

Plaintiffs were appointed members of the Palm Beach County Democratic Executive Committee to fill certain vacancies in the committee, under the provisions of section 103.111(3), Florida Statutes, which provides that in the event of a vacancy in a county executive committee — "the vacancy shall be filled by

a majority vote of the members of the county executive committee . . . from among the members of the party residing in the precinct where the vacancy occurs." Subsequently the chairman declined to recognize plaintiffs as members of the committee, on the ground of their failure to take the party loyalty oath required of "candidates" for party office under section 99.021, F. S.

Plaintiffs contend that they were not "candidates" for office as contemplated by the latter statute, and therefore were not required to take that oath. Without questioning the propriety of a party loyalty oath when required by law, plaintiffs take the position that the law does not require it in the case of those selected to fill vacancies in a county executive committee.

Defendant points out the apparent inconsistency of statutes which would require a party loyalty oath of candidates for election to political party office, and not require the same oath of a party member selected to fill a vacancy in the party executive committee, arguing that two classifications were not intended by the legislature.

The court finds that plaintiffs were not "candidates" for office within the provisions of section 99.021, F. S., and hence were not required to take the oath in question. While it may appear inconsistent for our statutes to make a certain requirement of candidates for election to party office, and omit that requirement in the case of a party member selected to fill a vacancy in a party executive committee, matters of that kind must be left to the determination of the legislature — the court's function being to interpret the statute, rather than to reform or supply omissions in the same.

"It is not the function of a court, in the interpretation of statutes, to set forth what it thinks the act under consideration should provide, or to vindicate the wisdom of the law. The mere fact that the statute leads to unwise results, is not sufficient to justify the court in rejecting the plain meaning of unambiguous words, or in giving to a statute a meaning of which its language is not susceptible. An omission or failure to provide for contingencies, which it may seem wise to have provided for specifically, does not justify any judicial addition to the language of the statute. To the contrary, it is the duty of the courts to interpret a statute as they find it, without reference to whether its provisions are wise or unwise, necessary or unnecessary, appropriate or inappropriate, or well or ill conceived. If a change in the law is needed, it is to be effected by the legislature, and not by judicial action in the guise of interpretation." 50 Am. Jur. 391, 392.

The court is of the opinion that plaintiffs' motion should be granted and that the defendant's motion should be denied. Thereupon, it is ordered, adjudged and decreed that plaintiffs' motion for summary final decree be and the same is hereby granted, and that defendant's motion for summary final decree be and the same is hereby denied.